United States District Court
Southern District of Texas
**ENTERED**
March 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERESA ANN WATERS, § § Plaintiff, § § v. § § TEXAS ATTORNEY GENERAL'S OFFICE § OFFICE, HARRIS COUNTY DISTRICT § ATTORNEY'S OFFICE, TEXAS § DEPARTMENT OF PUBLIC SAFETY, § TEXAS DEPARTMENT OF STATE § HEALTH SERVICES, KEN PAXTON, § JOHN HELLERSTEDT, STEVE MCCRAW, § and KIM OGG, § § Defendants. § | CIVIL ACTION NO. H-18-2857 |

ORDER

Pending are Defendants Texas Department of Public Safety, Texas Department of State Health Services, Texas Attorney General Ken Paxton, John Hellerstedt, and Steve McCraw's Motion to Dismiss (Document No. 13) and Defendant Harris County District Attorney Kim Ogg's Motion to Dismiss (Document No. 18). After carefully considering the motions, response, and applicable law, the Court concludes as follows.

*Pro se* Plaintiff Teresa Ann Waters is a registered sex offender under the Texas Penal Code.[1] Plaintiff files suit against various state agencies and officials in their official capacities alleging that her constitutional rights are being violated by being

---

[1] Document No. 1, Ex. A (Compl.)

denied early termination of her registration requirement.[2] She seeks "compensatory costs" and "equitable, declaratory, and injunctive relief that removes all barriers to Plaintiff being deregistered as a Tier I Sex Offender."[3]  Plaintiff previously filed a writ of mandamus with this Court seeking essentially the same remedy, which was dismissed, and the Fifth Circuit affirmed the dismissal on appeal. *See* <u>Teresa Ann Waters v. State of Texas, et al.</u>, No. 4: 17-cv-3568 (S.D. Tex. July 31, 2018), *aff'd* No. 18-20565 (5th Cir. Jan. 9, 2019).  Defendant Ogg moves to dismiss Plaintiff's claims against her for failure to state a claim and on the basis of prosecutorial immunity.  The remaining Defendants move to dismiss Plaintiff's claims on several grounds including Eleventh Amendment immunity and res judicata.

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001). A claim is "properly dismissed for lack

---

[2] <u>Id.</u> at 1.  Plaintiff sues the Texas Attorney General's Office, Texas Attorney General Ken Paxton in his official capacity, the Harris County District Attorney's Office, Harris District Attorney Kim Ogg in her official capacity, the Texas Department of Public Safety, Director of the Texas Department of Public Safety Steve McCraw in his official capacity, the Texas Department of Health Services, and Commissioner of the Texas Department of Health Services John Hellerstedt.

[3] <u>Id.</u> at 10 of 15.

2

of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). The court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Ramming, 281 F.3d at 161.

To survive dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations omitted).

Congress has given to this Court only limited jurisdiction, beyond which this Court has no power to act. The Court's jurisdiction is also limited by the United States Constitution. Defendants correctly argue that the Court does not have subject matter jurisdiction over Plaintiff's claims against the Texas Department of Public Safety, the Texas Department of State Health

Services, the Texas Attorney General's Office, and the Harris County District Attorney's Office because such claims are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 393-94 (5th Cir. 2015). "Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity." Id. at 394. Under the doctrine of sovereign immunity and the Eleventh Amendment, Plaintiff's claims cannot proceed against the Texas state agencies she names as Defendants. Accordingly, Plaintiff's claims against the Texas Department of Public Safety, the Texas Department of State Health Services, the Texas Attorney General's Office, and the Harris County District Attorney's Office are DISMISSED for lack of subject matter jurisdiction.

However, claims against state officials in their official capacities are not categorically barred by the Eleventh Amendment because "[a] suit is not 'against' a state . . . when it seeks prospective, injunctive relief from a state actor . . . based on an alleged ongoing violation of the federal constitution." NiGen Biotech, L.L.C., 804 F.3d at 394 (citation omitted). "Under the

4

doctrine articulated in Ex parte Young, [28 S. Ct. 441 (1908)], a state official attempting to enforce an unconstitutional law 'is stripped of his official clothing and becomes a private person subject to suit.'" Id. (citation omitted). To avoid an Eleventh Amendment bar by means of Ex Parte Young, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1639 (2011).

Here, Plaintiff seeks both "compensatory" relief as well as "declaratory[] and injunctive relief that removes all barriers to Plaintiff being deregistered as a Tier I Sex Offender." The Ex Parte Young exception does not apply to claims for retrospective money damages. NiGen Biotech, L.L.C., 804 F.3d at 394 (citing Edelman v. Jordan, 94 S. Ct. 1347, 1356 (1974)). Therefore, to the extent Plaintiff seeks "compensatory damages" from Defendants Paxton, Ogg, Hellerstedt, and McCraw, these claims are barred by the Eleventh Amendment and accordingly, DISMISSED.

However, Plaintiff's complaint, on its face, also seeks prospective, injunctive relief against the state officials. See In re Tejas Testing Tech. One, No. 96-50830, 1998 WL 414018, at *4 (5th Cir. June 26, 1998) ("holding claims "at least on their face" were for prospective relief even where the court observed "whether [the] claims [were] truly for prospective declaratory or injunctive

5

relief [was] uncertain"). This relief is appropriate under the Ex Parte Young exception to Eleventh Amendment immunity and is not barred by the cases Defendants cite pertaining to mandamus relief against state officials.

Finally, to fall within the Ex Parte Young exception, Plaintiff must also allege an "ongoing constitutional violation." Cantu Servs., Inc. v. Roberie, 535 F. App'x 342, 345 (5th Cir. 2013). Plaintiff does not specifically allege how her constitutional rights are violated by the denial of her application to deregister as a Tier I sex offender. Simply citing different constitutional provisions in the "Jurisdiction" section of her complaint is insufficient to allege a plausible, constitutional violation. Accordingly, Plaintiff's claims against Paxton, Hellerstedt, and McCraw do not fall within the exception to Eleventh Amendment immunity recognized in Ex Parte Young and her claims against Defendants Paxton, Hellerstedt, and McCraw will be DISMISSED for lack of jurisdiction, unless, within 14 days from the date of this Order, Plaintiff files a more definite statement in the form of a First Amended Complaint, in which she pleads with particularity any ongoing constitutional violations for which she seeks prospective injunctive relief from Defendants Paxton, Hellerstedt, and McCraw.

Defendant Ogg moves for dismissal under FED. R. CIV. P. 12(b)(6). As Defendant Ogg correctly argues, Plaintiff fails to

allege any facts pertaining to how the remaining Defendant Ogg was involved in the Texas Department of State Health Services' denial of her application or how Ogg may otherwise have violated her constitutional rights. Therefore, Plaintiff fails to state a claim against Ogg and Plaintiff's claims for any type of relief against Ogg are DISMISSED. For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss (Document No. 13) is GRANTED as follows. Plaintiff's claims against Defendants Texas Attorney General's Office, Harris County District Attorney's Office, Texas Department of Public Safety, and Texas Department of State Health Services as well as Plaintiff's claims against Ken Paxton, John Hellerstedt, Steve McCraw, and Kim Ogg, to the extent such claims seek money damages, are DISMISSED for lack of jurisdiction. Additionally, Defendants' motion to dismiss Plaintiff's claims against John Hellerstedt, Steve McCraw, and Ken Paxton for declaratory and injunctive relief is GRANTED, unless Plaintiff within 14 days after the date of this Order files a more definite statement in the form of a First Amended Complaint <u>limited</u> to the specific ongoing constitutional violations that Plaintiff contends entitle her to prospective injunctive relief against these three individuals. It is further

ORDERED that Defendant Ogg's Motion to Dismiss (Document No. 18) is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6) and

Plaintiff's remaining claims against Kim Ogg for declaratory and injunctive relief are DISMISSED for failure to state a claim.

All other pending motions are DENIED.

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 22nd day of March, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE